# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| RORY DANIELLE GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 2:21-cv-00317-JHE |
| LUXE BY TONYA JONES, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

On July 12, 2021, Plaintiff Rory Danielle Gordon ("Gordon") filed an amended complaint in this employment discrimination action, alleging Defendant Luxe by Tonya Jones, LLC ("Luxe") discriminated against her on the basis of her race and sex. (Doc. 17). Luxe has moved to dismiss a paragraph of the amended complaint. (Doc. 19). Gordon has filed a response in opposition, (doc. 22), and Luxe has filed a reply, (doc. 23). For the reasons discussed more fully below, the motion is **DENIED**.

## I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 15).

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.; accord Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To that end, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557). Further, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A] plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678.

## II. Factual Background

Gordon, a black woman, began working as a hairstylist for Luxe on October 21, 2014. (Doc. 17 at ¶¶ 8-9). Throughout her employment, Gordon was subjected to racially insensitive language. (*Id.* at ¶ 10). For example, Tonya Combs ("Combs"), Luxe's owner, stated that she was from Mississippi, where the first lynching took place. (*Id.* at ¶ 11).

Prior to his promotion to manager, James Thomas ("Thomas," white male) was a hairstylist receiving a 50% commission. (*Id.* at ¶ 13). Roy Fuller ("Fuller," white male), also a hairstylist, received a 50% commission. (*Id.* at ¶ 14). Gordon only received a 44% commission. (*Id.* at ¶ 15). Gordon requested to be compensated the same as Thomas, but Combs refused, stating she would have to close the shop if she increased Gordon's commission. (*Id.* at ¶¶ 16-17).

On June 2, 2020, Gordon "liked" a Facebook post created in response to the murder of George Floyd, commenting "Are they hiring!!? I can work where appreciated." (*Id.* at ¶¶ 18-19). At Luxe the following day, Combs asked Gordon if she did not feel appreciated. (*Id.* at ¶¶ 21-22). Gordon responded that she did not. (*Id.* at ¶ 23). Combs asked Gordon why she was still at the salon, and Gordon asked Combs if Combs wanted Gordon to leave. (*Id.* at ¶¶ 24-25). Stating, "I take this as your resignation," Combs called the head of security, who escorted Gordon out. (*Id.* at ¶¶ 26-27). Prior to this conversation, Combs had already decided to terminate Gordon and had cancelled Gordon's appointments for that day, giving the customers the option to reschedule. (*Id.* at ¶¶ 29-30). Luxe ultimately terminated Gordon on June 3, 2020. (*Id.* at ¶ 31).

Thomas, Fuller, and "Tyler," (male, race unspecified) posted on Facebook regarding politics and sexuality. (*Id.* at ¶¶ 33-40). However, none of them were reprimanded or terminated for their comments. (*Id.*).

### III. Discussion

Gordon's amended complaint raises five causes of action: (1) Count I, a Title VII race discrimination claim based on her termination, (doc. 17 at ¶¶ 41-50); (2) Count II, a 42 U.S.C. § 1981 race discrimination claim based on her termination, (*id.* at ¶¶ 51-58); (3) Count III, a Title VII race discrimination claim based on failure to promote/disparate pay, (*id.* at ¶¶ 59-69); (4) Count IV, a § 1981 race discrimination claim based on failure to promote/disparate pay, (*id.* at ¶¶ 70-78); and (5) Count V, an Equal Pay Act sex discrimination claim, (*id.* at ¶¶ 79-85). Luxe seeks to dismiss a single paragraph of Count III: Paragraph 61, which states in its entirety that "Defendant paid Plaintiff's white co-worker more money for the same work." (Doc. 19 at 2) (quoting doc. 17 at ¶ 61). Luxe argues that this paragraph "fails to provide specific instances of the purported disparity in pay based upon racial discrimination and fails to identify the comparator with specificity in derogation of Rule 8 . . . ." (*Id.* at 1-2).

Luxe's motion fails for at least two reasons. First, even reading Luxe's motion as an attack on Count III in its entirety,[2] to survive a motion to dismiss, an employment plaintiff proceeding

---

[2] The relief Luxe seeks appears to be striking a single paragraph, not dismissing a claim. Luxe provides no support for the notion that Rule 12(b)(6), which applies to "failure to state a *claim* upon which relief can be granted" can be used to strike a single paragraph within a claim without contesting the sufficiency of the claim as a whole. Instead, the standard for striking a paragraph comes from Rule 12(f), which allows the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp.

under any theory who alleges disparate treatment based on her race "must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination" by the defendant in question. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Luxe's argument appears to point to the *McDonnell Douglas* burden-shifting framework, which sets out the *prima facie* case a race discrimination plaintiff often must make out at summary judgment. The *McDonnell Douglas* framework requires a plaintiff to point to a comparator employee. *See Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220 (11th Cir. 2019). Notably, both the Supreme Court and the Eleventh Circuit have expressly refused to treat the evidentiary standard of *McDonnell Douglas* as a pleading standard for an employment discrimination plaintiff's complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) ("[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss."); *Davis*, 516 F.3d at 974 (Title VII complaint not required to make out *McDonnell Douglas* prima facie case); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270–71 (11th Cir. 2004) ("McDonnell Douglas [is] an *evidentiary* rather than a *pleading* standard ... pleading a McDonnell Douglas prima facie case [is] not necessary to survive a motion to dismiss") (emphasis in original). A race discrimination claim is not due to be dismissed just because the plaintiff fails to identify a comparator. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1327-28 (11th Cir. 2011).

Second, even if Gordon *were* required to point to a comparator, the context of ¶ 61 makes it obvious who Gordon asserts are her comparators. Both in the facts section of her complaint,

---

2d 1327, 1347 (M.D. Fla. 1999) (citation omitted and cleaned up). Since ¶ 61 relates to pay disparity and is located within a pay disparity count, a motion under Rule 12(f) would fail as well.

(doc. 17 at ¶¶ 12-17), and in the paragraphs immediately following the paragraph with which Luxe takes issue, (*id.* at ¶¶ 62-66), Gordon specifically indicates that Thomas and Fuller, both white males, made more than she did despite doing the same work.[3]  Luxe cannot argue that ¶ 61 should be read in isolation, ignoring the facts that make it clear that Gordon relies on Thomas and Fuller as comparators.  Accordingly, Luxe's motion is due to be denied.

### IV. Conclusion

For the reasons stated above, Luxe's motion to dismiss, (doc. 19), is **DENIED**.  Luxe is **ORDERED** to file an amended answer responding to the amended complaint in its entirety by **September 29, 2021.**

DONE this 15th day of September, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[3] In its reply, Luxe states that in addition to specifying which coworker made more money, Gordon was also required to specify the work the comparator performed. (Doc. 23 at 4). Luxe provides no authority for the proposition that Gordon must meet a heightened pleading standard when it is clear from the complaint that Gordon's hairstylist coworkers performed the same work Gordon performed as a hairstylist, (*see* doc. 17 at ¶¶ 9, 13-14, 62-64).